# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID L. HILLIARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-154-FHS |
| | ) | |
| CHARLES RAY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court for its consideration is the Defendants' Motion for Judgment on the Pleadings and brief in Support filed on behalf of Charles Ray, Steve Kaiser, Robert Ezel, Kathy Miller, and Joe Crow. The court rules on the motion as follows.

Plaintiff filed his complaint in this court on April 12, 2005. On this same date, plaintiff filed a Motion to Proceed in Forma Pauperis. On April 19, 2004, an order was entered granting the Motion to Proceed in Forma Pauperis. On June 6, 2005, defendants filed a Motion to Stay Proceedings and a Request for an Order for Special Report. On June 20, 2005, an order was entered requiring a special report. The special report was filed on August 22, 2005. On October 12, 2005, defendants filed this Motion for Judgment on the Pleadings. On November 28, 2005, plaintiff filed an objection to defendants' motion for judgment on the pleadings.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections. At all times relevant to his lawsuit plaintiff was housed at the Davis Correctional Facility in Holdenville, Oklahoma.

1

In his complaint, plaintiff alleges that previous to being committed to prison he injured his ankle. Because of this injury, he was required to wear special footwear. Plaintiff did request this footwear from defendants and did finally receive it. However, before he was provided with the proper footwear he fell and injured himself. He claims that not only are defendants not providing him with the proper footwear, but that they are failing to properly treat his medical condition. In his Complaint, plaintiff asserts a cause of action for denial of medical care, conspiracy to deny medical care, breach of contract, and deliberate indifference to plaintiff's serious medical needs. As relief, plaintiff is seeking monetary damages.

## I. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In <u>Jernigan v. Stuchell</u>, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. <u>Wright v. Hollingsworth</u>, 260 F.3d 357, 358 (5th Cir. 2001). In <u>Wright</u>, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." <u>Wright</u> at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.)

To establish that he properly exhausted his administrative remedies plaintiff must establish that not only did he start the grievance process but that he completed it. Jernigan at 1032. Plaintiff simply cannot establish that. Attached to his Complaint is a Request to Staff dated July 2, 2003, an Inmate/Offender Grievance Report dated July 18, 2003, a Grievance Response from Reviewing Authorities dated July 31, 2003, and a Grievance Response dated October 20, 2003.

In the Request to Staff dated July 2, 2003, plaintiff complains that the medical treatment he has been receiving is painful and he wants another form of treatment. In the July 18, 2003, grievance plaintiff complains about lower back problems and requests different medical treatment. In the grievance dated July 31, 2003, plaintiff states he has been seen by a doctor and needs an outside referral. The response dated October 20, 2003, indicated plaintiff has been seen by a doctor, been given medications and an outside referral has been denied.

On October 5, 2005, plaintiff filed a response to defendants' answer. In that response, plaintiff attached the

same materials that had been previously attached to the complaint, as well as Requests to Staff dated May 1, 2002, and April 15, 2002 regarding boots.

On November 28, 2005, plaintiff filed an Objection to Defendant's Motion for Judgment on the Pleadings and Brief in Support. To this pleading, he attached the same copies of documents which had been previously attached to his Complaint and his response to the answer of the Complaint.

In <u>Steele v. Fed. Bureau of Prisons</u>, 355 F.3d 1204, 1209-10 (10th Cir.2003), the court ordered "[a] prisoner must: (1) plead his claims with a short and plain statement … showing that [he] is entitled to relief in compliance with Fed.R.Civ.P. 8(a)(2), and (2) attach[ ] a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." (citations and internal question marks omitted). Thus, plaintiff is obligated to attach to his Complaint copies of all the administrative pleadings concerning the allegations in his Complaint. Plaintiff simply failed to do this. The record is void of any grievance relating to the conspiracy claim or the breach of contract claim. According to <u>Ross v. County of Bernalillo</u>, 365 F.3d 1181, 1189 (10th Cir. 2004), the plaintiff is required to accomplish total exhaustion of all claims raised in a complaint. Based on the decision in <u>Ross</u> the presence of any unexhausted claim in a plaintiff's complaint requires the court to dismiss the entire action in its entirety. Since plaintiff's complaint contains unexhausted claims, the court must dismiss the entire action.

After careful review, the court finds the plaintiff has failed to make any viable argument that he has exhausted his administrative remedies as to all of his claims. Further, he has cited no authority or facts to demonstrate he was denied access to those administrative procedures. Plaintiff simply failed to exhaust his administrative remedies as to all of his claims. The court finds the allegations made in plaintiff's complaint should be dismissed pursuant to 42 U.S.C. Sec. 1997e (a) for failure to exhaust his administrative remedies.

The court authorized the commencement of this action *in forma pauperis* under the authority of 28 U.S.C. Sec. 1915. Subsection (e) of that statute permits the dismissal of a case when the court is satisfied that the complaint is without merit in that it lacks an arguable basis either in law or fact. Nietzke v. Williams, 490 U.S. 319 (1989) and Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir. 1987). Accordingly, defendants' Motion for Judgment on the Pleadings is hereby **GRANTED** and this action is, in all respects, **DISMISSED**, as frivolous.

**IT IS SO ORDERED** this 11th day of May, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma