# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID L. HILLIARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-05-154-FHS |
| | ) | |
| CHARLES RAY, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court for its consideration is the Defendants' Response to the Remand filed on behalf of Charles Ray, Steve Kaiser, Robert Ezel, Kathy Miller, and Joe Crow. Also before the court is the Oklahoma Department of Corrections Motion to Dismiss. The court rules as follows on the motions.

Plaintiff filed his Complaint in this court on April 12, 2005. On this same date, plaintiff filed a Motion to Proceed in Forma Pauperis. On April 19, 2005, an order was entered granting the Motion to Proceed in Forma Pauperis. On June 6, 2005, defendants filed a Motion to Stay Proceedings and a Request for an Order for Special Report. On June 20, 2005, an order was entered requiring a Special Report. The Special Report was filed on August 22, 2005. On October 12, 2005, defendants filed a Motion for Judgment on the Pleadings. On November 28, 2005, plaintiff filed an objection to defendants' motion for judgment on the pleadings. On May 11, 2006, this court entered an order granting the motion for judgment on the pleadings because plaintiff had failed to exhaust his administrative remedies as to all of his claims. On May 10, 2007, the Tenth Circuit Court of Appeals entered an order and judgment remanding the action back

1

to this court in light of the United States Supreme Court decision stating that not all claims by a prisoner must be exhausted before proceeding with their lawsuit. Jones v. Bock, 127 S. Ct. 910 (2007). In response to the remand the defendants Charles Ray, Steve Kaiser, Robert Ezel, Kathy Miller, and Joe Crow filed a response stating they are still entitled to dismissal of plaintiff's claims because some of the claims are not exhausted and others are barred by the applicable statute of limitations. They also argue there is no merit to plaintiff's claims. Plaintiff did not respond to this pleading.

Previous to this case going up on appeal, plaintiff had never served the defendant Oklahoma Department of Corrections. After the case returned to this court, plaintiff did achieve service on the Oklahoma Department of Corrections. After being served, on July 16, 2007, the Oklahoma Department of Corrections filed a Special Appearance and Motion to Dismiss this case. In that motion, it argues it is immune from suit under the Eleventh Amendment. It also argues it should be dismissed because of plaintiff's failure to timely serve it. It further argues plaintiff's claims are barred by the applicable statute of limitations. Finally, it argues plaintiff's tort claim is improperly asserted in this 42 U.S.C. Sec. 1983 action. Plaintiff did not respond to this motion either.

Plaintiff appears *pro se* in this action and is an inmate in the custody of the Oklahoma Department of Corrections. At all times relevant to his lawsuit plaintiff was housed at the Davis Correctional Facility in Holdenville, Oklahoma.

In his Complaint, plaintiff alleges that previous to being committed to prison he injured his ankle. Because of this

2

injury, he was required to wear special footwear. Plaintiff did request this footwear from defendants and did finally receive it. However before he was provided with the proper footwear he fell and injured himself. He claims that not only are defendants not providing him with the proper footwear, but that they are failing to properly treat his medical condition. In his Complaint, plaintiff asserts a cause of action for denial of medical care, conspiracy to deny medical care, breach of contract, and deliberate indifference to plaintiff's serious medical needs. As relief, plaintiff is seeking monetary damages.

## I. Oklahoma Department of Corrections

Oklahoma Department of Corrections is entitled to a dismissal of plaintiff's action since plaintiff failed to serve it in a timely fashion. According to Rule 4 (m) of the Federal Rules of Civil Procedure.

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the actions without prejudice as to that defendant...

Absent a showing of good cause to justify the failure of timely service as required by Rule 4, such a dismissal is compelled. Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987). A plaintiff's *pro se* status does not exempt him from complying with the time requirements for service. Dicesare v. Stuart, 12 F.3d 973, 980 (10th Cir. 1987).

Plaintiff filed this lawsuit on April 12, 2005, but failed to serve the Oklahoma Department of Corrections until June 27, 2007. Clearly, this is not within the 120 days allowed by the

3

rules.  Thus, plaintiff failed to serve the Oklahoma Department of Corrections for more than two years following his filing of the Complaint and he has not shown good cause for his failure to timely serve.  Thus, defendant Oklahoma Department of Correction is dismissed from this action for plaintiff's failure to timely serve this defendant.

## II.  Failure to Exhaust

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies.  Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001).  In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion.  The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions".  In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach.  Porter v. Nussle, 534 U.S.

4

516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.) The holding in Jones v. Bock, 127 S. Ct. 910 (2007) did nothing to the requirement regarding exhaustion of administrative remedies to proceed with a claim.

A review of the record before the court reveals that while plaintiff did file a variety of grievances, he never filed a grievance as to staff actions related to the alleged breach of contract and conspiracy to deny him medical care. The court finds plaintiff has failed to make any colorable argument that he has exhausted his administrative remedies as to these claims, and he has cited no authority or facts, other than his own conclusory allegations, to demonstrate he was denied access to those administrative procedures. See Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995) (conclusory allegations insufficient to state a cause of action). Accordingly, his claims as to conspiracy and breach of contract are hereby dismissed.

### III. Statute of Limitations

In his Complaint, plaintiff alleges that during the summer of 2001 he was assigned to a work detail and was often on his feet 3 to 4 hours per day and his right ankle began to bother him. In his Complaint he also alleges that he slipped and fell in the prison yard on April 2002 while on a work detail and has not received the appropriate medical treatment since that date. Plaintiff commenced this action on April 12, 2005.

The statute of limitations period for a 42 U.S.C. Sec. 1983 action is governed by the forum state's statute for personal injury actions. Brown v. Unified School District, 465 F.3d 1184, 1188 (10th Cir. 2006). In Oklahoma, the limitations period for such an action is two years. 12 O.S. Sec. 95 (3). Plaintiff's claims against these defendants began during April 2002. Plaintiff commenced this action in April 2005. As a result, plaintiff's remaining claims are untimely and barred by the applicable statute of limitation.

Accordingly, the Oklahoma Department of Corrections motion to dismiss is hereby **GRANTED**. Further, this action is also dismissed as to the remaining defendants Charles Ray, Steve Kaiser, Robert Ezel, Kathy Miller, and Joe Crow since this lawsuit is barred by the applicable statute of limitations.

**IT IS SO ORDERED** this 8th day of November, 2007.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma