**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

DAVID L. HILLIARD,              )
                                )
            Plaintiff,          )
                                )
      v.                        )       No. CIV-05-154-FHS
                                )
CHARLES RAY, et. al.,           )
                                )
            Defendants.         )

**ORDER**

On January 7, 2008, the United States Court of Appeals for the Tenth Circuit filed an order requesting this court to determine if Davis Correctional Facility was still a party to this action. After reviewing the record, the court determined that Davis Correctional Facility had not been terminated as a party, and as such it was still a party to the lawsuit. On January 8, 2008, this court entered a minute order requesting Davis Correctional Facility to file a status report with this court. On January 9, 2008, defendant Davis Correctional Facility filed a status report stating the court should make a determination that it has not been a proper party and cannot be made a proper party to this action. It argues it has never been served and it is not an entity capable of being sued. The court makes the following findings.

In reviewing the Complaint, the plaintiff has attempted to sue Davis Correctional Facility and Davis Correctional Facility Medical Department. However, they are not entities capable of being sued. The capacity of an entity to be sued is determined by the law of the state in which the federal district court is located. Federal Rule of Civil Procedure 17 (b). Under Oklahoma

1

Dockets.Justia.com

law, "any person, corporation, partnership, or unincorporated association [has] capacity to...be sued in this state." Okla. Stat. tit. 12 Sec. 2017 (B). While the Oklahoma courts have not addressed in a published opinion the issue of whether a jail or prison has capacity to be sued, other jurisdictions have concluded that a county or local jail lacks capacity. <u>Lewis v. Houston County Jail</u>, 876 F. Supp. 861, 865 n.1 (E.D. Tex. 1995)("The Houston County Jail is not a legal entity capable of suit."). <u>Powell v. Cook County Jail</u>, 814 F. Supp. 757, 758 (N.D. Ill. 1993)("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law'. Cook County Jail is not a 'person'–it is not a legal entity to begin with."); <u>Owens v. Scott County Jail</u>, 328 F.3d 1026, 1027 (8th Cir. 2003)("County jails are not legal entities amendable to suit."); <u>Smith v. Franklin County</u>, 227 F. Supp. 2d 667, 674-675 (E.D. Ky. 2002)("The Franklin County Correctional Complex/Franklin County Regional Jail is not a legal entity capable of being sued. Rather, it is a facility owned and provided for by the Fiscal Court and operated by the jailer..."). Thus, Davis Correctional Facility and Davis Correctional Facility Medical Department are not entities capable of being sued and cannot be parties to this action.

In addition, Davis Correctional Facility has not been properly served and the time has passed in which plaintiff could served them. Federal Rule of Civil Procedure 4 (m). Accordingly, Davis Correctional Facility is also dismissed for the additional reason it has not been timely served.

**IT IS SO ORDERED** this 11th day of January, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma